UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PERRY S. ROBINSON,

    Plaintiff,

v.                                            CASE NO. 6:09-cv-164-Orl-35KRS

FLORIDA STATE HOSPITAL, et al.,

    Defendants.
_____/

## **ORDER OF DISMISSAL**

This case is before the Court on a second amended a civil rights complaint (Doc. No. 13) filed by Plaintiff, a prisoner of the State of Florida proceeding *pro se*, pursuant to 42 U.S.C. § 1983.

### *I.*    *Legal Standard*

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. section 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners:

> (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>     (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>     (2)    seeks monetary relief from a defendant who is immune from such relief.

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, No. 96 Civ. 1624 (PKL), 1996 WL 284948 (S.D.N.Y. May 29, 1996).

In addition, 28 U.S.C. section 1915(e) directs the court to dismiss actions which are frivolous or malicious. A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). However, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

## II.    Analysis

### A.    The Failure to State A Cause of Action Under Section 1983

Plaintiff has brought this action against the following Defendants: the "Daytona Police department"; the "Volusia county detentional Center"; the "State of Florida"; the "Florida State Hospital"; and the "United States of America." Plaintiff's allegations are difficult to decipher, but he appears to allege that he was arrested for "j-walking" and that the arrest was in some manner racially motivated. He also makes vague allegations that law enforcement officers conspired against him. He alleges that he is "suing for racism [and being] unsafe with the law." He also mentions on two occasions that he is not "suing for any of my constitutional or my civil rights being violated," *see* Second Amended Complaint at 8, 13, and that he is not "suing for equal protection of the law." *Id*. at 14. He seeks "a couple of hundred billion dollars for safety from the law." *Id*. at 15.

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. *See* 42 U.S.C. § 1983. Here, Plaintiff has failed to allege, and specifically indicates that he is not alleging, any matters demonstrating that his rights under the Constitution, laws, or treaties of the United States have been violated. Therefore, he has not shown that this is a proper matter to be brought under section 1983. Moreover, Plaintiff's allegations are too vague and conclusory to state a cause of action under section 1983. Finally, the Court notes that Plaintiff has been provided with two opportunities to cure the deficiencies in his allegations  Accordingly, this case must be dismissed for failure to state a cause of action under section 1983.

**B.    The Failure to State A Basis for Bringing A Cause of Action Against These Defendants**

The United States of America is immune from suit unless there has been an unequivocal waiver of immunity. *Daniel v. United States*, 891 F. Supp. 600, 603 (N.D. Ga. 1995). The waiver of sovereign immunity is a prerequisite to subject matter jurisdiction, and the United States has not waived its sovereign immunity from suit for money damages arising from constitutional violations. *Id*.

As to Defendants the State of Florida and the Florida State Hospital, absent a State's consent, the Eleventh Amendment bars a civil rights suit in a federal court that names the State as a defendant, even a claim seeking injunctive relief. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Eleventh Amendment bar extends to suits against departments or agencies of the State having no existence apart from the State. *See Mt.*

*Health City Board of Education v. Doyle*, 429 U.S. 274, 280 (1977). Consequently, Plaintiff cannot bring this action against these Defendants.

Finally, as to Defendants the "Daytona Police department" and the "Volusia county detentional Center," local governing bodies are liable only when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *See Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). In the present case, Plaintiff has not alleged any custom or policy of these Defendants that led to his alleged wrongs. Consequently, there is no basis on which to hold these Defendants liable under section 1983. Therefore, this case is also dismissed for failure to state a basis upon which a cause of action lies against these Defendants.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED**.

2. The Clerk of the Court is directed to close this case.

3. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 14, filed March 4, 2009) is **DENIED**.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 16th day of March 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sa 3/16
Perry S. Robinson